**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-1344**

RHONDA HENDERSON,

                    Plaintiff - Appellant,

          v.

HARTFORD LIFE & ACCIDENT INSURANCE COMPANY,

                    Defendant - Appellee.

Appeal from the United States District Court for the District of
South Carolina, at Greenville.   Henry M. Herlong, Jr., Senior
District Judge.   (6:14-cv-04052-HMH)

Argued:  March 22, 2016              Decided:  April 20, 2016

Before WYNN and DIAZ, Circuit Judges, and DAVIS, Senior Circuit
Judge.

Affirmed by unpublished per curiam opinion.

**ARGUED:** John Robert Peace, JOHN ROBERT PEACE, PA, Greenville,
South Carolina, for Appellant.   Debbie Weston Harden, WOMBLE
CARLYLE SANDRIDGE & RICE, Charlotte, North Carolina, for
Appellee.   **ON BRIEF:** Katherine T. Lange, WOMBLE CARLYLE
SANDRIDGE & RICE, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rhonda Henderson appeals the district court's order granting judgment to Hartford Life & Accident Insurance Company ("Hartford") in her civil suit brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., challenging Hartford's denial of long-term disability benefits. We affirm.

When a party appeals the grant of judgment in an ERISA case, we review the district court's determination de novo, applying the same legal standards employed by the district court. Williams v. Metro. Life Ins. Co., 609 F.3d 622, 629 (4th Cir. 2010). Where, as here, a benefits plan gives its administrator discretion to construe its provisions and make benefits determinations, "a court reviewing the administrator's decision must review only for abuse of discretion." Fortier v. Principal Life Ins. Co., 666 F.3d 231, 235 (4th Cir. 2012). As a result, we will not disturb the administrator's discretionary decision as long as "it is reasonable, even if [we] would have reached a different conclusion." Id. (quoting Haley v. Paul Revere Life Ins. Co., 77 F.3d 84, 89 (4th Cir. 1996)). "[A]n administrator's decision is reasonable 'if it is the result of a deliberate, principled reasoning process and if it is supported by substantial evidence.'" Evans v. Eaton Corp. Long Term Disability Plan, 514 F.3d 315, 322 (4th Cir. 2008) (quoting

2

Bernstein v. CapitalCare, Inc., 70 F.3d 783, 788 (4th Cir. 1995)). Our abuse-of-discretion analysis is guided by the eight factors set forth in Booth v. Wal-Mart Stores, Inc. Assocs. Health & Welfare Plan, 201 F.3d 335, 342-43 (4th Cir. 2000).

With these factors in mind, we have reviewed the parties' briefs and the record and conclude that Hartford did not abuse its discretion in denying Henderson's claim for long-term disability benefits. Accordingly, we affirm the district court's judgment.

AFFIRMED